2 So.2d 779

### BARNHILL v. LIGHTNER.

#### 4 Div. 158,

Supreme Court of Alabama.

May 29, 1941.

W. L. Lee and Alto V. Lee III, both of Dothan, for appellant.

J. W. Hicks, of Enterprise, and Eris F. Paul and J. C. Fleming, both of Elba, for appellee.

BROWN, Justice.

Action in trespass and trover by appellant against the defendant for the wrongful taking, and the conversion of plaintiff's household goods, wearing apparel and personal effects, specifically described in both counts of the complaint.

The defendant filed the plea of the general issue and a special plea of justification under legal process—a writ of possession issued by the clerk of the Circuit Court of Coffee County, Enterprise Division, in the case of J. M. Adams v. Emily Barnhill, commanding him "to deliver to J. M. Adams possession of the lands and tenements which the said J. M. Adams recovered of Emily Barnhill by the judgment of our Circuit Court, held for the Enterprise Division of Coffee County, Alabama, on the 11th day of April, 1938."

This plea concluded with the following averments:

"Defendant says that in executing said writ of possession and delivering possession of the premises above described to the plaintiff, J. M. Adams, it became necessary to remove the personal property and personal effects of Miss Emily Barnhill, the defendant in execution, from said premises, the said Miss Emily Barnhill failing and refusing to remove said personal property and effects from the building located on said property and to the end that this defendant, as Sheriff of Coffee County, Alabama, and in executing said writ of possession which was in his hands, he removed said personal property and personal effects of the said Miss Emily Barnhill from the building located on said lands, carried the same to Enterprise, Alabama, and there stored them in a brick building. That this defendant removed said property and stored the same, to protect the property so moved, and made known to Miss Emily Barnhill, the plaintiff in the present suit, that said property had been removed, where the same was moved to, and that the said property could be had by her calling for the same, and that this defendant laid no claim of ownership, right, title or interest in or to any of said property.

"Wherefore, this defendant says that after executing said writ and removing said property and apprising this plaintiff

of its location and that the same was hers when called for, that this defendant performed all the duty owing by him to this plaintiff, wherefore, he says that he is not liable."

The plaintiff demurred on numerous grounds, but no ruling on the demurrer appears. The plaintiff filed replication, the first joining issue, and the second: "As a further answer to said plea No. 2 and as a reply thereto, plaintiff says that at the time defendant came to her house with the writ set up in said plea, he took her in custody and carried her to Elba and put her in jail, and told her he had attached her property and that he would not take a bond for her property or for her, and that he kept her at Elba in jail for four hours or more and while she was in jail he moved her property to a garage in Enterprise and locked up her property, and that she did not know where her property was until sometime later, and that he never gave her any keys where the property was locked up, but put the property in the garage of another person, who had the keys to the property and who was holding the property for defendant."

Defendant made motion to strike said special replication, but no ruling appears thereon.

The plaintiff's evidence tended to show that although she was ill, defendant took the plaintiff into custody without a warrant and placed her in jail; that he removed all of her household goods and effects from the premises, loaded them on a truck and carried them to Enterprise, placed them on the floor in a garage, as one witness described the situation "in a mess" with water puddles around them, and kept them so stored and under lock and key for five months or more, and in the meantime the garage where the property was stored caught fire twice.

What became of the property eventually does not appear.

The defendant's evidence, on the other hand, goes to show that plaintiff's illness was feigned, that she resisted the execution of the process by refusing to vacate the premises and locking herself up in the house; that he—defendant—procured a warrant against her for resisting the execution of said process, and then removed the property from the house and carried it to Enterprise and stored it in said garage with plaintiff's consent, and advised her that

she could get the property by calling for it.

Without any suggestions as to the sufficiency of the plea or replications we are clear to the conclusion that the question of whether or not the defendant in the execution of said process exercised the care and discretion which a reasonable man would exercise under like conditions and circumstances was a question for the jury. 24 R.C.L. 926, § 15; Ib. p. 928, § 17; p. 929, § 19; 57 C.J. 6817, § 249; p. 819, § 254; p. 820, § 255.

It was also for the jury as to whether or not, in the circumstances, the defendant was guilty of conversion in not restoring the property to plaintiff's possession. 57 C.J. 899, § 511.

The court, therefore, erred in giving the affirmative charge for the defendant, and for this error the judgment is reversed.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.